**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5192**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMETRIUS DARRELL WHITEHEAD,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:10-cr-00213-F-1)

Submitted: May 20, 2013          Decided: May 30, 2013

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Darrell Whitehead pled guilty, pursuant to a written plea agreement, to possession with intent to distribute five grams or more of crack cocaine, 21 U.S.C. § 841(a)(1) (2006) (Count One); possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A) (2006) (Count Five); and being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2006) (Count Six). The plea agreement provided that the Government promised that it would "make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for a departure or sentence reduction." However, at Whitehead's sentencing hearing, when the district court asked the Government, "Did the government promise to make known this man's assistance, if any?," the Government replied (mistakenly), "No, Your Honor." Whitehead's counsel did not object, nor did he note any objections to the presentence report, which was adopted by the court.

Based on a total offense level of 29 and criminal history category of VI, Whitehead's advisory sentencing range for Count One was 151-188 months; for Count Five, 60 months; and for Count Six, 120 months. The court imposed 188 months as to Count One, and 120 months as to Count Six, to run concurrently. The 60-month sentence imposed on Count Five was ordered to run

2

consecutively, for a total term of 248 months.  The court also imposed a five-year term of supervised release on Counts One and Five, and three years on Count Six, all to run concurrently.

At the conclusion of the court's pronouncement of sentence, the Government's attorney added:  "Your Honor, just for clarification of the record, the Government would like to note that Mr. Whitehead was debriefed.  The information has not resulted in any federal indictments.  He did provide information with regard to [a cold case murder investigation].  He may be a witness in that case.  The witness list has not yet been confirmed."  Whitehead noted a timely appeal.

Whitehead argues, first, that the Government breached the plea agreement when it failed to advise the court of the "full extent" of his cooperation with law enforcement.  Because he did not object below, our review is for plain error.  See United States v. Olano, 507 U.S. 725, 732 (1993).  We find that there was no error, let alone plain error.  Although, as the Government concedes, it failed to advise the court at the beginning of the sentencing hearing about its obligation under the plea agreement, Whitehead's cooperation was known to the court.  First, the Government corrected its error, albeit after sentence had been pronounced, but the court still could have reduced Whitehead's sentence at that time, if it was so inclined.  Also, the court was well aware of Whitehead's

3

cooperation, as it was discussed at length during his attorney's argument for a continuance. Moreover, Whitehead's four prior motions for continuance all detailed his cooperation in the murder investigation. And, in any event, Whitehead cannot show that his substantial rights were affected because, given the district court's denial of his motion for a continuance, he cannot show that his sentence would have been less had the Government's timing been different. See United States v. Hooten, 942 F.2d 878, 883 (5th Cir. 1991) (noting that government's failure to inform a sentencing court of the defendant's assistance does not constitute reversible error if the court is generally aware of the defendant's cooperation and the extent thereof).

Next, Whitehead argues that the district court erred in sentencing him to five years of supervised release because, under the Fair Sentencing Act, his maximum term is three years. According to Whitehead, because his offense now carries a maximum sentence of twenty years, it is classified as a Class C felony under 18 U.S.C. § 3559(a)(3) (2006). Under 18 U.S.C. § 3583(b)(2) (2006), a Class C felony carries no more than a three-year term of supervised release. Whitehead is incorrect.

Section 3583(b) is prefaced with the phrase, "[e]xcept as otherwise provided." Section 841(b)(1)(C) clearly provides that: "Notwithstanding section 3583 of Title 18, any sentence

4

imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment." Therefore, three years is the minimum term of supervised release and Whitehead's reliance on 18 U.S.C. § 3583 simply ignores the above language in § 841(b)(1)(C).

Accordingly, we affirm Whitehead's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED